PER CURIAM.

(No. 5334—Motion )

JACKLYN CUMBER, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed October 26, 1973.*

POLLACK AND ENNIS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

HOLDERMAN, J.

### Granting Respondent's Motion to Dismiss

This is a cause of action brought against the State of Illinois, Respondent, for damages suffered by the claimant's car.

It appears that on or about August 13, 1965, claimant parked her car on the grounds of the Illinois State Fair and that the State Police of the Illinois State Fair Ground called the Ernie Schmidt Standard Service to tow said car from the parking place. The car in question was a 1964 Pontiac Grand Prix model.

The Complaint alleges that under the direction of the State Police, in the process of towing said car, the brake bands and a part of the brake mechanism was broken, and when claimant attempted to start said car and drive it, the car being parked on an incline, it

crashed into another vehicle, causing damages in the amount of $162.58.

Claimant stated she pumped her brakes and attempted to use the same but that they had little or no effect.

A hearing was held on July 13, 1967, before Commissioner Robert Godfrey. A Motion to Continue Generally was filed on July 25, 1967, by the Attorney General of the State of Illinois and the next action appearing in the records is an Order filed on September 8, 1967, that this cause be continued generally, which Order was signed by Judge Perlin, Chief Justice of the Court of Claims, and states that it was continued generally until a case pending in the Circuit Court of Sangamon County, Cause No. 2136-67, entitled *Jacklyn Cumber* vs. *Ernie Schmidt Standard Service* was disposed of.

On July 11, 1973, a Motion was filed on behalf of the Respondent, which Motion stated:

"1. By order of this Court, this case has previously been continued generally.

2. The Clerk of the Court of Claims has, by written notice, notified the claimant of the passage and requirements of Rule 7 of this Court.

3. Claimant, either personally or through his attorney, has failed to inform this Court as required by Rule 7 between the dates of April 1 and May 31, (a) giving the status of the action giving rise to continuance, (b) whether said action has been disposed of, and if so, the date and results of said disposition (c) whether the claim in the Court of Claims shall be further continued, placed back on the active calendar, or dismissed.

4. Nothing having been received from the claimant or his attorney, it is moved as above stated that this case be dismissed."

On August 1, 1973, Claimant, by her attorneys, filed an Answer to Respondent's Motion to Dismiss, which stated as follows:

"1. At the close of the original proceedings in this matter held on July 13, 1967, this court granted leave to have the case continued generally pending the outcome of a civil action involving the claimant and the operator of a certain tow truck.

2. Although claimant was successful in the above-mentioned action, the defendant's liability was limited and full restitution for the injuries claimed was not obtained.

3. Evidence adduced as a result of the above-mentioned litigation indicated that the named defendant in that action, Ernie Schmidt's Garage, was directed by the Illinois State Police to hook onto and tow away the claimant's car.

4. Testimony received by this court in the above-mentioned matter in its proceedings on July 13, 1967, as indicated that the claimant's automobile was in fact properly parked and that claimant had any and all parking privileges and credentials issued by the State of Illinois allowing her to park the car.

5. In the period of time between the initial filing of the above captioned claim and the present, your claimant has retained new counsels for purposes of this action."

It appearing to this Court that Rule 7 was not complied with, and that since July 25, 1967, no action taken by the Plaintiff or any attempt made to comply with Rule 7, the Motion to Dismiss by the Respondent is hereby granted.